

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00050-CV

IN THE INTEREST OF C.T., A CHILD

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 88720

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

This is an appeal from a judgment terminating Father's parental rights to his son, C.T., on grounds that he (1) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered C.T.'s physical or emotional well-being; (2) was convicted or placed on community supervision for indecency with child, sexual assault, and possession or promotion of child pornography; and (3) knowingly engaged in criminal conduct that resulted in his imprisonment after conviction of an offense and inability to care for C.T. for not less than two years from the date of the petition for termination of parental rights.[1]  *See* Tex. Fam. Code Ann. § 161.001(b)(1)(E), (L), (Q) (Supp.).  Father's court-appointed appellate counsel has filed a motion to withdraw and a brief discussing the applicable law and evaluating the entire record in this case.  Counsel concludes that no non-frivolous grounds can be advanced to support reversal of the trial court's judgment.  While we agree, we modify the trial court's Ground L finding in the judgment to reflect that Father was convicted of aggravated sexual assault of a child instead of sexual assault and affirm the trial court's judgment, as modified.

Father's attorney has filed a brief that states she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim.

---

[1]To protect the confidentiality of the child, we refer to the appellant as Father and to the child by initials.  *See* Tex. R. App. P. 9.8(b)(2).

2

App. 2008) (orig. proceeding); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

On July 9, 2021, counsel mailed to Father copies of the brief, the appellate record, and the motion to withdraw. Father was informed of his right to review the record and file a pro se response. By letter dated August 5, this Court informed Father that any pro se response was due on or before September 7. On September 17, this Court further informed Father that the case would be set for submission on the briefs on October 8. We received neither a pro se response from Father nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's Ground L recitation that Father was convicted of "§ 22.011 (sexual assault)." Since the record demonstrates that Father was convicted of aggravated sexual assault of a child, not sexual assault, we modify the trial court's judgment to reflect the proper conviction under its Ground L findings. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases)).

Even so, we deny counsel's motion to withdraw. *See P.M.*, 520 S.W.3d at 27 (noting that in parental-rights termination cases, court-appointed counsel's duty to her client generally extends "through the exhaustion of appeals" "including the filing of a petition for review" in the

3

Texas Supreme Court). If Father desires to pursue this matter in the Texas Supreme Court, counsel may fulfill her duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

We modify the trial court's judgment by deleting the phrase "§ 22.011 (sexual assault)" from the Ground L findings and replacing it with "§ 22.021 (aggravated sexual assault of a child)." As modified, we affirm the trial court's judgment.



Ralph K. Burgess
Justice

Date Submitted:      October 8, 2021
Date Decided:        November 17, 2021

4